James Emmet Murphy, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABOR VAGO,<br><br>                                                        Plaintiffs,<br><br>-against-<br><br>LUXURY TILE AND PAINTING LLC, JOZSEF GEROCZI, and VIKTOR GEROCZI<br><br><br>                                                        Defendants. | Docket No.:<br><br><br><br>**COMPLAINT** |

Plaintiff GABOR VAGO ("Plaintiffs") by his attorneys, Virginia & Ambinder, LLP, alleges as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New York Labor Law ("NYLL") Article 19 § 663; NYLL Article 6 §§ 190, *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to Plaintiff for work he performed for LUXURY TILE AND PAINTING LLC; JOZSEF GEROCZI; and VIKTOR GEROCZI, and/or any other entities affiliated with or controlled by LUXURY TILE AND PAINTING LLC; JOZSEF GEROCZI; and VIKTOR GEROCZI (collectively, "Defendants").

1.      Beginning in approximately October 2010 and continuing through the present, Defendants engaged in a policy and practice of requiring the Plaintiff to regularly work in excess

of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

2.     Under the direction of Defendant's corporate directors, Defendant instituted this practice of depriving the Plaintiff of compensation for work performed in excess of forty (40) hours per week, which deprived Plaintiffs of hourly compensation for all hours worked as mandated by federal and state law.

3.     The Plaintiffs have initiated this action seeking compensation of earned but unpaid compensation, specifically unpaid overtime compensation and improper deductions from wages, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

4.     This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331.  This court has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6.     Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where the Defendants reside.

## THE PARTIES

7.      Plaintiff is an individual residing in the State of New York who performed labor as a painter and transporter for Defendants.

8.     Upon information and belief, Defendant LUXURY TILE AND PAINTING LLC ("Luxury Tile") is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 168 Beach Street, Apt. 3, Far Rockaway, NY 11693..

9.     Upon information and belief, defendant JOZSEF GEROCZI is an individual resident of the State of New York with a residency at 168 Beach Street, Apt. 3, Far Rockaway,

NY 11693, and at all relevant times, was an owner, principal shareholder and/or director of Defendant Luxury Tile.

10. Upon information and belief, defendant VIKTOR GEROCZI is an individual resident of the State of New York with a residency at 168 Beach Street, Apt. 3, Far Rockaway, NY 11693, and at all relevant times, was an owner, principal shareholder and/or director of Defendant Luxury Tile.

**FACTS**

11. Upon information and belief, beginning in or about February of 2011, Defendants employed the Plaintiff to perform work in furtherance of Defendants' construction business. This work included painting; procuring supplies; and transporting supplies to and from job sites

12. Upon information and belief, Plaintiff was regularly required to perform work for Defendants without receiving overtime compensation as required by applicable federal and state laws.

13. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, the Defendant constitutes an "enterprise engaged in commerce."

14. Upon information and belief, Defendant's gross yearly revenues are in excess of $500,000.00.

15. Plaintiff Vago has been employed by Defendants since approximately February of 2011, and has continued to be employed by Defendants through the present.

16. Plaintiff Vago typically worked for Defendants twelve to fifteen hours per day, six to seven days per week.

17. Between approximately February of 2011 and approximately June of 2011, Plaintiff Vago was paid by Defendants approximately $150.00 per day worked, regardless of the

-3-

number of hours worked in any given week.

18. Between approximately June of 2011 and approximately April of 2015, Plaintif Vago was paid piece rates for his work painting for Defendants. These piece rates varied depending on the size of the rooms Plaintiff Vago was painting, but at no time did Plaintiff Vago receive increased piece rates for work performed after the first forty (40) hours in a given week.

19. Beginning in approximately April of 2015, Plaintiff Vago began to paid $20.00 per hour worked for Defendants, regardless of how many hours he worked in a given week.

20. During the course of his employment with Defendants, Plaintiff Vago typically worked between 70 and 100 hours per week.

21. At no time did Plaintiff receive overtime compensation at a rate of time-and-one-half his regular rate of pay for work performed beyond the first forty (40) hours in a given week.

22. Upon information and belief, while working for Defendant, Plaintiffs did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

23. At times during the course of his employment with Defendants, Plaintiff Vago would drive a vehicle which was, upon information and belief, owned by Defendants. Defendants deducted the cost of any parking tickets assessed against this vehicle from Plaintiff Vago's pay.

24. Upon information and belief, at all times relevant to this action, Defendant Jozsef Geroczi was an officer, president, owner and/or shareholder of Defendant Luxury Tile, and dominated the day-to-day operating decisions and made major personnel decisions for Luxury Tile, including the power to hire, fire, set rates of pay, and direct the work of Plaintiff Vago. Plaintiff performed labor for the benefit of and at the direction of Defendant Jozsef Geroczi.

25. Upon information and belief, at all times relevant to this action, Defendant Viktor Geroczi was an officer, president, owner and/or shareholder of Defendant Luxury Tile, and dominated the day-to-day operating decisions and made major personnel decisions for Luxury Tile, including the power to hire, fire, set rates of pay, and direct the work of Plaintiff Vago. Plaintiff performed labor for the benefit of and at the direction of Defendant Viktor Geroczi.

26. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York law by failing to maintain proper and complete timesheets or payroll records.

27. Upon information and belief, Defendants' failure to pay Plaintiff Vago the overtime and other wages he was entitled to was willful.

**FIRST CAUSE OF ACTION
AGAINST THE DEFENDANTS
FLSA OVERTIME COMPENSATION**

28. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 26 hereof.

29. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

30. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

31. The Plaintiff is an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

32. Defendants are "employers," within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

33. Upon information and belief, Defendant failed to pay Plaintiff earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which he worked after the first forty hours in any given week.

34. The failure of Defendant to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

35. By the foregoing reasons, Defendants are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION
AGAINST THE DEFENDANTS
FOR NEW YORK OVERTIME COMPENSATION**

36. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 35 hereof.

37. 12 NYCRR §142-2.2 requires that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply."

38. Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

39. As a person employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 651 and case law interpreting the same.

40. Defendants are "employers" within the meaning of Labor Law § 651.

41. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants are the "employer."

42. Plaintiff worked more than forty hours per week while working for Defendants.

43. Upon information and belief, Plaintiff did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

44. Consequently, by failing to pay to the Plaintiffs overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146-1.4.

45. Upon information and belief, Defendants' failure to pay Plaintiffs overtime compensation was willful.

46. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

47. Defendants failed to pay Plaintiff overtime wages for all hours worked over forty in any given week, in violation of 12 NYCRR § 142-2.2 and NYLL § 663.

48. Defendant's failure to pay Plaintiff his earned overtime wages was willful.

49. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION
AGAINST THE DEFENDANTS:
<u>UNLAWFUL WAGE DEDUCTIONS</u>**

50. Plaintiff repeats are re-alleges the allegations set forth in paragraphs 1 through 49

hereof.

51. New York Labor Law § 193 provides that "No employer shall make any deduction from the wages of an employee, except deductions which… are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency."

52. Upon information and belief, Defendants implemented a policy and practice of deducting from Plaintiff's pay all parking tickets assessed to Defendants' vehicle which Plaintiff operated.

53. By the foregoing reasons, Defendants have violated Labor Law § 193 and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs

WHEREFORE, Plaintiff demands judgment:

(1) on their first cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(4) any other and further relief the Court may deem appropriate.


Dated: New York, New York
        October 25, 2016


                                VIRGINIA & AMBINDER, LLP

By: _____/s/ James Emmet Murphy_____
    James Emmet Murphy, Esq.
    Virginia & Ambinder, LLP
    40 Broad Street, 7th Floor
    New York, New York 10004
    (212) 943-9080
    *Attorneys for the Plaintiff*