

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
**Michele A. Moreno Esq.**
Associate
mmoreno@vandallp.com

January 14, 2019

**VIA ECF**
Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 324N
Brooklyn, NY 11201

        Re:        *Vago v. Luxury Tile and Painting LLC, et al.*
                    Docket No. 16-cv-05949 (LDH) (SJB)

Dear Judge Bulsara:

      This firm is counsel to Plaintiff in the above-referenced wage-and-hour action. The parties jointly submit their settlement of this action for approval by the Court as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). A copy of the Settlement Agreement ("Agreement") is annexed hereto as Exhibit A. The parties consent to proceed before Your Honor for all purposes, including for review of the settlement agreement and to conduct the Cheeks hearing.

      On October 26, 2016, Plaintiff brought this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; New York Labor Law §§ 650 *et seq.*, 633, and 193 ("NYLL"); and 12 New York Codes, Rules and Regulations ("NYCRR") § 146-2.2, to recover unpaid overtime compensation, and damages for unlawful wage deductions, owed to him by Luxury Tile and Painting LLC, Jozsef Geroczi and Viktor Geroczi (collectively "Defendants"). Defendants likewise alleged counterclaims for faithless servant and unjust enrichment.

      As a result of a good faith effort between experienced counsel to negotiate a settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), the Parties have reached a settlement on behalf of the Plaintiff. Accordingly, the Parties respectfully request that Your Honor approve the Agreement as submitted.

      The parties have settled this matter for a total of $35,000.00 inclusive of attorneys' fees and costs. Under the Agreement, Plaintiff will receive $23,450.00, and Plaintiff's counsel will receive one-third of the settlement amount, $11,550.00, in attorneys' fees and costs.

      In *Cheeks*, the Second Circuit raised concerns with settlement agreements that contain (1) a battery of highly restrictive confidentiality provisions, (2) overbroad release provisions, and (3)

provisions that set attorneys' fees at over 40%. *Cheeks*, 796 F.3d at 206. None of the concerns raised in *Cheeks* are present in this Agreement. The Agreement will be filed publicly with the Court as an exhibit to this letter motion, contains only a specific release relative to wage and benefit claims under federal and state law, and does not contain a confidentiality provision or any other restrictive provisions. Attorneys' fees and costs amount to 33% of the total settlement amount. The Agreement calls for the stipulated dismissal of this action with prejudice should the Court approve of same. Accordingly, we believe the Agreement is fair and reasonable in all respects under *Cheeks*.

The Second Circuit holds that stipulated dismissals pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure settling FLSA claims with prejudice require the approval of the district court or the United States Department of Labor to take effect. *Cheeks*, 796 F.3d at 206. In considering whether to approve an FLSA settlement, the Court should examine the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). Here, the Agreement meets all of these factors.

Plaintiff's range of possible recovery is approximately $45,512.46 (exclusive of liquidated damages) and an additional $10,000.00 for record keeping violations. Of course, Plaintiff would only be entitled to recover this sum if he prevailed on the theory that he was an employee rather than an independent contractor. Here, Defendants vigorously disputed his status as an employee. Given the risk that Plaintiff may not have succeeded on this theory, ultimately resulting in no recovery, this is a reasonable settlement of his claims. Defendants also disputed the hours Plaintiff alleged to have worked, which could have resulted in a smaller recovery.

This settlement enables the parties to avoid the anticipated burdens and expense of further litigation over these issues, especially when the range of possible recovery is potentially less than the attorneys' fees or costs either side may have to expend to pursue their claims. The next step in this case was to file motions for summary judgment on the employee/independent contractor issue, and then proceed to trial. Accordingly, Plaintiff is obtaining a recovery without having to go through the time-consuming process of summary judgment and trial. The third factor set forth above ties in with this sentiment, in that Defendants risk expending thousands upon thousands of dollars in legal fees to defend against a claim where the recovery is limited to the extent it could be in this case, while the Plaintiff avoids the risk of losing her own litigation costs, as well as having to be responsible for Defendants' litigation costs should Defendants ultimately prevail. By settling now rather than proceeding with litigation, Plaintiff also avoids the risk of any possibility of financial or economic hardship faced by Defendants, leading to the Plaintiff's inability to collect even if she prevails on his claims.

Finally, both sides were represented by experienced counsel and settled the claims after completing written discovery and depositions, and after attending three separate court settlement conferences before Your Honor. This was a true arm's length negotiation among experienced attorneys that led to a fair and reasonable settlement.

Plaintiff's counsel seeks approval of $11,550.00, in attorneys' fees and costs expended on behalf of the Plaintiff. Plaintiff's fees and costs of $11,550.00, represent 33% of the total settlement amount, in line with the standard 33%. In considering the reasonableness of a fee award in FLSA cases, courts consider the following factors set forth in *Goldberger*: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 53-54 (2d Cir. 2000).

Plaintiff's counsel has devoted 305.10 hours in representing Plaintiff for a total of $82,952.00 in fees, and an additional $4,170.89 in costs. The work conducted by Plaintiff's counsel in this action includes, but is not limited to: (1) due diligence on Plaintiff's claims and research on the company, (2) drafting and filing the complaint; (3) drafting and filing an Answer to Defendants' Answer with Counterclaims, Amended Answer with Counterclaims, and Second Amended Answer with Counterclaims, (3) drafting and filing a pre-motion conference letter to dismiss Defendants' counterclaims, (4) attending the pre-motion conference before the District Judge, (5) preparing and serving Rule 26 initial disclosures; (6) drafting and serving discovery demands; (7) reviewing over 5,000 documents produced by Defendants; (8) reviewing over 2,500 documents produced by Plaintiff's, many of which were in Hungarian and required professional translation, (9) preparing for and participating in three court settlement conferences before Magistrate Tiscione and Your Honor; (11) preparing extensive damage calculations that required entry of data from Plaintiff's journal for the six year period; (12) drafting a letter to Defendants regarding Plaintiff's position on the employee/independent contractor issue, and reviewing Defendants' letter regarding the same issue, (13) defending Plaintiff's deposition, (14) taking the deposition of two Defendants, (15) taking the deposition of a third party witness; (16) negotiating a settlement agreement, (17) meetings and correspondence with the Plaintiff, which required the use of a translator, and finally (18) drafting the instant motion for settlement approval.

The majority of the time billed was by Associate Michele A. Moreno and Partner James E. Murphy. Ms. Moreno billed 206.60 hours at a rate of $250.00 per hour. Ms. Moreno is a graduate of Benjamin N. Cardozo School of Law. She has been practicing as an attorney since 2015, exclusively in litigation of employment and wage and hour claims. Prior to joining Virginia & Ambinder as an associate, Ms. Moreno served as a law clerk at V&A from September 2014 to October 2015. She also interned at the City of Newark Department of Law. During law school, Ms. Moreno participated in the Bet Tzedek Legal Services Clinic providing legal assistance to disabled and low-income New Yorkers on a variety of civil matters. Ms. Moreno has assisted in scores of state and federal class and collective action lawsuits.

Mr. Murphy billed 54.70 hours at a rate of $450.00 per hour. Mr. Murphy is a graduate of Cornell University (B.S.) and Fordham University School of Law (JD). He has been a practicing attorney since 2005 and has principally been engaged in litigation of wage and hour claims. In addition, Mr. Murphy advises trade unions on various issues relating to organizing activities and the NLRA and performs work in connection with union benefit fund collection actions, has represented management, overseeing Federal regulatory compliance, including OSHA and related labor law compliance, for a 400 employee manufacturing firm, and has successfully argued before the New York State Court of Appeals, and New York Appellate Divisions for the First and Second

Departments. Mr. Murphy has also taught Continuing Legal Education classes in wage and hour law at the Nassau County Bar Association.

The remaining time billed was by paralegals and support staff, who bill at a rate of $125.00 per hour.

V&A's hourly rates are reasonable. "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). To determine the hourly rate, a court should "attempt to approximate the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209, 212 (E.D.N.Y. 2013). Numerous courts have determined what a reasonable client would pay for V&A to represent them in a wage and hour action if such a client had sufficient means, including when challenged by opposing counsel. *See e.g. Cohan v. Columbia Sussex Mgmt., LLC*, 2018 U.S. Dist. LEXIS 179192 (E.D.N.Y. Sept. 28, 2018) (Magistrate Judge A. Kathleen Tomlinson approving rates of $525.00 per hour for partner Lloyd Ambinder, $395.00 per hour for senior associate Suzanne Leeds Klein, $250.00 per hour for junior associate Alison Genova, and $100.00 to $125.00 per hour for paralegals); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Paul G. Gardephe approving partner Lloyd Ambinder's rate of $550.00 per hour, associates at $250.00 to $425.00 per hour, new attorneys not yet admitted to practice at $200.00 per hour, and paralegals at $125.00 to $175.00 per hour). *See also Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon approving Plaintiffs' Counsel's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.*, No. 09-CV-4112 (E.D.N.Y. 2011) ) (Judge Wexler approving hourly rates of partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325.00 to $395.00 per hour, and paralegals at $95.00 to $150.00 per hour ); *Espinoza, et al. v. 953 Associates LLC, et al.*, No.10-CV-5517 (S.D.N.Y. Dec. 3, 2012) (Judge Shira A. Scheindlin approving partners at $550.00 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Garcia et al. v. The Executive Club* (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates).

The lodestar cross-check, which compares the requested fee to the time and labor expended by counsel, weighs in favor of approving the requested fee in this matter. Here, Plaintiff's counsel's fees are 0.132times its lodestar. This is extremely reasonable considering courts within the Second Circuit have awarded multipliers in *excess* of a counsel's lodestar. *See, e.g., In re Hi–Crush Partners L.P. Sec. Litig.,* 2014 WL 7323417, at *18 (S.D.N.Y. 2014) (multiplier of 1.41); *In re Visa Check/Master money Antitrust Litig.,* 297 F.Supp.2d 503, 524 (E.D.N.Y. 2003) (multiplier of 3.5); *In re Citigroup Inc. Sec. Litig.,* 965 F.Supp.2d. 369, 401 (S.D.N.Y. 2013) (multiplier of 2.8).

V&A also expended $4,170.89 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, V&A incurred actual expenses of $4,170.89 for

4

costs such as court fees, service fees, legal research fees, translation fees, and court reporter fees. These expenses were incidental and necessary to the representation of Plaintiff.

Public policy also weighs in favor of approving the requested attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v. Greenberg*, 2010 U.S. Dist LEXIS 1120, at *9 (S.D.N.Y. 2010).

Defendants neither join nor oppose Plaintiff's counsel's request for approval of its fees.

Accordingly, the parties jointly request that the Court approve of the Agreement, "so order" the proposed stipulation of dismissal, and have it entered on the docket by the Clerk of the Court. Thank you for your time and consideration.

                                                       Respectfully submitted,

                                                       /s/ Michele A. Moreno