UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABOR VAGO,<br><br>                                               Plaintiff,<br><br>- against -<br><br>LUXURY TILE AND PAINTING LLC, JOZSEF GEROCZI, and VIKTOR GEROCZI,<br><br>                                               Defendants. | Docket No.: 16-cv-05949 (LDH) (SJB) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into by Plaintiff Gabor Vago ("Plaintiff") and Defendants Luxury Tile and Painting, LLC, Jozsef Geroczi, and Viktor Geroczi (collectively "Defendants", and together with Plaintiff referred to herein as "the Parties").

A. **WHEREAS**, Plaintiff has alleged claims under 29 U.S.C. §§ 207 and 216(b) and New York Labor Law Article 19 § 663, Article 6 §§ 190, *et seq.*, and 12 New York Codes, Rules, and Regulations § 142-2.2, in an action pending in the United States District Court for the Eastern District of New York, captioned *Vago v. Luxury Tile and Painting LLC, et al.*, Case No. 1:16-cv-05949 (LDH) (ST) ("the Action"); and

B. **WHEREAS**, Defendants have asserted counterclaims against Plaintiff in their Second Amended Answer Affirmative Defenses and Counterclaims, Dkt No. 36, dated November 22, 2017 (the "Counterclaims"); and

C. **WHEREAS,** the Parties have entered into this Agreement solely for the purpose of avoiding further expenses of litigation, and that the existence, terms and execution of this Agreement shall not be considered as, and do not constitute, an admission by the Parties of any liability or violation of any federal, state, or local law, ordinance, rule, or regulation, or of any duty

whatsoever with respect to each other, whether based in statute, common law, or otherwise, and the Parties expressly deny any such liability or violation.

D. In light of the foregoing, the Defendants are willing to provide Plaintiff with the consideration specified in Paragraph 1, below, in exchange for Plaintiff's promises set forth in this Agreement.

Based upon the foregoing promises and the consideration to be provided to Plaintiff and the other promises set forth below, Plaintiff and Defendants, intending to be legally bound, agree as follows:

## **TERMS OF SETTLEMENT**

### 1. **Settlement Amount**

In consideration of this Agreement and Release and withdrawal with prejudice of the Action as against Defendants, and so long as Plaintiff remains in compliance with his promises, covenant, conditions, and agreements made herein, Defendants agree to pay a total gross sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000) ("the Settlement Amount"), to be allocated as follows:

(a) For Plaintiff Gabor Vago in the total amount of $23,450.00 by check made payable to "Gabor Vago." This payment to Vago shall be subject to all appropriate taxes and withholding and shall be reported to Vago on an IRS Form W-2.

(b) Subject to receipt by Defendants' counsel of an IRS Form W-9, for attorneys' fees and expenses in the total amount of $11,550.00 by check made payable to "Virginia and Ambinder LLP." This payment shall be reported to Virginia and Ambinder LLP and Vago on an IRS Form 1099.

(c) The foregoing payments shall be delivered to Plaintiff's attorneys, Virginia & Ambinder, LLP, located at 40 Broad Street, 7th Floor, New York, NY 10004, attention: Michele A. Moreno, Esq. in one installment within thirty (30) days of Court Approval of the Agreement. For purposes of clarification, if the Court does not approve the Agreement, and if the Action is not dismissed with Prejudice, the Defendants shall not be required to pay the Settlement Amount.

2. **Release**

Plaintiff, voluntarily and irrevocably, releases and forever discharges Defendants as well as Defendant's owners, principals, executives, employees and agents, from any and all known and unknown claims seeking compensation for wages, salary, minimum wage, overtime payments, payments for sick time, bonuses, benefits, commissions, liquidated damages, statutory penalties, or related payments or penalties. This release includes but is not limited to wage and hour claims which he has or may have against Defendants as of the date of the Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including but not limited to, any alleged violation of the FLSA, NYLL, New York Minimum Wage Orders, or claims for wages and similar payments sounding in contract or quasi-contract, and any other claim for unpaid wages, including attorneys' fees and costs, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement. This release does not affect any claims arising out of alleged acts occurring after the effective date of this Agreement. In that regard, Plaintiff further acknowledges that should he later discover facts in addition to, or different from, those which he now knows or believes to be true with respect to the subject matter of this Agreement, Plaintiff agrees that any such difference in the facts shall not affect his release of claims arising out of alleged acts occurring before the effective date of this Agreement, that Plaintiff assumes the risk

of any such difference in the facts, and that he further agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is Plaintiff's intention to fully, finally, and forever resolve and release any and all wage and hour disputes he may have or believe to have against Defendants with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected, or unsuspected.

In further consideration for the release of Defendants by Plaintiff, Defendants hereby release and forever discharge Plaintiff, as well as Plaintiff's heirs, executors, administrators, agents, successors, and assigns, from the Counterclaims.

### 3. Dismissal of Pending Action

For and in consideration of the promises outlined in the Agreement, the sufficiency of which is acknowledged by the Parties, the Parties agree: (1) Plaintiff will dismiss with prejudice, or cause to be dismissed with prejudice, the Action, in the form required or instructed by the Court in which the Action was filed; (2) Defendants will dismiss, or cause to be dismissed with prejudice, the Counterclaims, in the form required or instructed by the Court in which the Action was filed; (3) Plaintiff will not re-file the causes of action asserted in the Action, or any other causes of action against Defendants arising from any matters underlying in the Action; and (4) Defendants will not re-file the Counterclaims, or any other causes of action against Plaintiff arising from any matters underlying the Action.

### 4. Failure to Make Payment

If Defendants fail to make the payment required under this Agreement by Paragraph 1, Plaintiff's counsel shall notify Defendants' counsel, Wendy Stryker, Esq. and Nicole Bergstrom, Esq. from Frankfurt Kurnit Klein & Selz, P.C., in writing by either mail, facsimile or electronic

mail of the deficiency. Upon receipt of the notice, Defendants shall have fifteen (15) business days to cure the deficiency.

Should Defendants fail to cure the deficiency within the fifteen (15) business day period, the Plaintiff shall be permitted, without any further notice, to file a civil action to recover the entire unpaid portion of the Agreement plus interest, plus liquidated damages in the amount of $5,000, costs and fees incurred in connection with enforcing the terms and conditions of this Agreement, and reasonable attorneys' fees associated with enforcement. Interest shall be assessed at a rate of 9% per annum on all unpaid portions of the Agreement.

### 5. **Non-admission of Wrongdoing**

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

### 6. **Non-Disparagement**

The Parties agree that they shall not make or cause to be made, directly or indirectly (or anonymously) any statement, written, oral or electronic which in any way disparages one another, or their owners, principals, executives, employees, agents or services. Such disparaging comments may include comments concerning the working conditions at the Defendants or any other communications that might otherwise impair the reputation of the Parties. Breach of this provision will result in such damages as may be awarded by a Court of competent jurisdiction.

### **Additional Representations**

(a) Plaintiff has consulted with his attorneys, Virginia & Ambinder LLP, before executing this Agreement;

(b)  Plaintiff has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(c)  The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiff by any person or entity whatsoever to cause Plaintiff to sign this Agreement.

## 7. Severability Clause

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

Notwithstanding anything contrary above, it is intended that all of the Parties must agree to this Agreement, as a condition of any of the terms hereof becoming effective.

## 8. Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

## 9. Entire Agreement

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that

this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement.

### 10. Waiver and Modification

This Agreement, including this paragraph, may not be altered except by a writing signed by all parties. It may not be modified orally. This Agreement supersedes all prior agreements between the parties. No provision hereof may be waived unless in writing and signed by counsel for the parties.

### 11. Counterparts

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. It is also agreed that facsimile copies of this Agreement shall be deemed as original.

**IN WITNESS THEREOF**, the Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By signing this Agreement below, the Parties indicated hereunder agree to and accept the provisions contained herein.

GABOR VAGO

By: _____  Date: 01/16/19
Gabor Vago

Luxury Tile and Painting, LLC

By: _____  Date: _____
By: Viktor Geroczi, Owner

JOZSEF GEROCZI

By: _____  Date: _____
Jozsef Geroczi

VIKTOR GEROCZI

By: _____  Date: _____
Viktor Geroczi

By: _____ Date: _____
Gabor Vago

Luxury Tile and Painting, LLC

By: _____[signature]_____ Date: 01/17/19
By: Viktor Geroczi, Owner

JOZSEF GEROCZI

By: _____[signature]_____ Date: 01/17/19
Jozsef Geroczi

VIKTOR GEROCZI

By: _____[signature]_____ Date: 01/17/19
Viktor Geroczi